OLIVER GRANT

*vs.*

ELLIOT AND KITTERY MUTUAL FIRE INSURANCE COMPANY.

York. Opinion December 15, 1884.

*Fire insurance. Insurable interest.*

The plaintiff sues an insurance company for the loss of a house consumed by fire. Another person holds the plaintiff's bond to convey the property to him upon payment of a sum less than the amount of insurance.

*Held:* That the plaintiff can recover the full amount of the insurance, although the other person fraudulently caused the property to be destroyed, there being

no pretence that the plaintiff had any knowledge of or participation in the fraudulent act.

*Grant* v. *Insurance Co.* 75 Maine, 196, reaffirmed.

ON EXCEPTIONS and motion to set aside the verdict.

Assumpsit on a policy of fire insurance, covering two thousand dollars on certain farm buildings of the plaintiff, which were destroyed by fire. The verdict was for two thousand one hundred fifty-six dollars and fifty cents.

The case has been once before considered by the law court and is reported in 75 Maine, 196.

*William J. Copeland,* for the plaintiff.

*R. P. Tapley,* for the defendant.

The insurance was really for the benefit of Higgins. His position was that of mortgagor. On payment of sixteen hundred dollars to Grant the property was his. Grant must account to him for the insurance he receives. All the defence which the company could make against Higgins, they can make against Grant. This should certainly be so as to the excess over the sixteen hundred dollars due Grant. If Higgins caused the premises to be burned and is to receive so much of the verdict as exceeds the sixteen hundred dollars due Grant he accomplishes his wicked and fraudulent purpose.

See Wood on Fire Ins. § 134; *Waring* v. *Loder,* 53 N. Y. 581; *Holbrook* v. *Insurance Co.* 1 Curtis, 193; *Buffalo Steam Engine Works* v. *Insurance Co.* 17 N. Y. 406; *Clinton* v. *Insurance Co.* 45 N. Y. 467; *Insurance Co.* v. *Woodbury,* 45 Maine, 447; *Lander* v. *Arno,* 65 Maine, 30.

PETERS, C. J. The counsel for the defense learnedly and elaborately argues the point in this case that was determined in *Grant* v. *Insurance Co.* 75 Maine, 196. We see no reason for the renunciation or qualification of any thing that was there held. In fact, a re-examination of the case most strongly impresses us with both the correctness and justice of former conclusions.

Another proposition of law, that did not arise at the previous presentation of the case, is earnestly pressed by the defendants' counsel. When the plaintiff purchased the property in question

he paid sixteen hundred dollars of the price to be paid, and Charles F. Higgins paid five hundred dollars towards the same, the plaintiff at the time giving a bond to Higgins, to convey the title to him upon the payment of the sixteen hundred dollars within certain times, and according to the tenor of certain notes given therefor. The defendant contended that, if Higgins, without the complicity of the plaintiff, set fire to and destroyed the buildings, in order that the insurance might be obtained, the plaintiff could only recover from the insurance company the sum that was equitably due to him by the terms of the bond, the whole insurance being more than such sum. The ruling was that the plaintiff, himself an innocent party, could recover the whole amount of insurance promised by the policy.

We think the ruling was right, although the position of the defense is a plausible one. The case does not distinctly disclose that the relations between Grant and Higgins were such as to give Higgins an equitable interest in the insurance, but that may be assumed for this discussion, as the course of the trial seems to indicate such to be the fact.

The plaintiff was the legal owner. He was entitled to the whole property until wholly paid for. The bond had not expired when the buildings were burned. His rights would be likely to be prejudiced by the admission into his case of a question in which another might have more interest than he. His litigation would be more expensive to him. The other party was not in the case to defend himself. Of course, the truth of the charge was not admitted. Higgins was in no sense a party to the record, nor could he be compelled to come in and be made one. We think the remedy of the defendants would not be in this action, but might be in some other action at law, or by some suit in equity. See *Brown* v. *Haynes*, 52 Maine, 578.

Although the damages recovered may be more than we should have estimated them, we think the verdict should not be disturbed on that account.

*Exceptions and motion overruled.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.